62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David John FERTTERER and Richard J. Fertterer, Petitioner-Appellants,
v.
STATE OF MONTANA, Respondent-Appellee.
 No. 94-35763.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 17, 1995.
Decided July 28, 1995.
 
 Before: FARRIS, NOONAN, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David John Fertterer and Richard J. Fertterer, Sr., were each convicted of two counts of felony criminal mischief under Montana Annotated Code Sec. 45-6-101(1)(a). Under that statute, a "person commits the offense of criminal mischief if he knowingly or purposely ... destroys ... public property without consent." David Fertterer was convicted of destroying three wild deer and a mountain lion. Richard Fertterer, Sr. was convicted of destroying three elk and six deer. Their convictions of felony criminal mischief were affirmed by the Montana Supreme Court, which held that the wild animals destroyed were public property. State v. Fertterer, 841 P.2d 467, 469-71 (Mont. 1992). The Fertterers seek habeas corpus, contending that their convictions violated the Fourteenth Amendment to the Constitution. The district court denied their petitions. We affirm.
 
 
 3
 The Fertterers' main contention on this appeal is that they should have been charged under a specific Montana statute making it a misdemeanor to unlawfully kill deer, antelope, elk or mountain lions. They argue that this statute was the exclusive way their conduct could have been prosecuted, and they argue that no person of reasonable intelligence could have understood the criminal mischief statute to apply to killing deer, elk or mountain lions when there was such a specific misdemeanor statute criminalizing this behavior.
 
 
 4
 These arguments were rejected by the Montana Supreme Court which held that the criminal mischief statute was not vague and that the statute on wild game was not exclusive. The Fertterers' constitutional claims were properly exhausted in their arguments before that court, which rejected them. They are no more persuasive here. It is not an uncommon feature of criminal law for conduct to be criminalized by more than one statute, giving the prosecutor the option to be exercised in the light of the seriousness of the offense. As the Montana Supreme Court ruled, the existence of such discretion does not offend any constitutional principle. Id. at 471-72. Nor does the parallel scope of two statutes render the more general one vague. The criminal mischief statute required the defendants to act knowingly or purposely to destroy public property. The jury was so instructed. There was no flaw in the process. It is entirely a question of Montana law as to whether the wild animals in question were public property as the Montana court found them to be.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3